**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CAREY CYREE,

  Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

  Defendant-Appellee.

No.   22-35462

D.C. No. 4:21-cv-05069-TOR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted June 5, 2023[**]
Seattle, Washington

Before:  SCHROEDER, HAWKINS, and CALLAHAN, Circuit Judges.

Carey Cyree appeals the Administrative Law Judge's ("ALJ") decision that

there was no medical evidence of a physical or mental impairment from the period

of January 1, 2010 through the date last insured of December 31, 2013.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We must decide whether the ALJ's decision to deny disability benefits at step two, based on the finding that Cyree was not disabled during the relevant period, is supported by substantial evidence.

Cyree bears the burden of proof at step two to establish entitlement to disability insurance benefits. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). The Social Security Administration's regulations specify that a physical or mental impairment "must be established by objective medical evidence from an acceptable medical source" and cannot be established by "your statement of symptoms, a diagnosis, or a medical opinion[.]" 20 C.F.R. § 404.1521. The record here contains no medical evidence to substantiate the existence of an impairment. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1006 (9th Cir. 2005) (holding that Ukolov failed to meet his burden to establish disability at step two as "none of the medical opinions included a finding of impairment, a diagnosis, or objective test results").

Cyree further contends that the ALJ failed to determine an established onset date pursuant to SSR 18-1p. However, SSR 18-1p does not apply because an established onset date must be determined only if the ALJ finds that the claimant met the statutory definition of disability. *See* SSR 18-01p (S.S.A.), 2018 WL 4945639, at *2 (Oct. 2, 2018).

Therefore, the ALJ's decision that Cyree did not establish disability during the relevant period is supported by the record. In the absence of any medical evidence of disability, Cyree's contentions that the ALJ should have conducted further analysis are without merit.

**AFFIRMED.**